(No. 2659— )

Patrick J. O'Herron, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 12, 1943.*

Lloyd C. Moody, for claimant.

George F. Barrett, Attorney General; Robert V. Ostrom, Assistant Attorney General, for respondent.

Chief Justice Damron delivered the opinion of the court:

This complaint was filed in this court on April 20, 1935, for benefits under the Workmen's Compensation Act. The

complaint alleges that on April 28, 1934, claimant was injured, while employed by the State of Illinois as a laborer in a construction gang engaged in building a durable hard surfaced road about one mile from Stone Church, Illinois.

It states that said injury arose out of and in the course of his employment and that immediate notice was given to the time-keeper and to the superintendent in charge of the construction gang in which claimant was working. That claimant made immediate claim for compensation for the injuries he so received and thereafter from the date of said accident to and including September 8, 1934, the respondent paid claimant temporary compensation in accordance with the terms and provisions of the Workmen's Compensation Act.

The complaint states that as a direct and proximate result of said injury claimant was disabled and unable to perform his usual and customary occupation or to continue his employment for the State of Illinois and has so remained from the time of his injury and will continue permanently to be so disabled.

That the average earnings of the claimant during the period of time he worked for respondent prior to said injury were $25.00 per week; that the average earnings of other employees of the State of Illinois in the same line of work as claimant during the period next preceding the time of said accident were $25.00 a week or upward.

That the respondent paid the following amounts for medical and surgical services rendered: Dr. H. Schmidt, Okawville, Illinois, $29.00; Dr. George K. Wilson, Streator, Illinois, $5.00; Dr. George J. Powers, Streator, Illinois, $17.00; St. Mary's Hospital, Streator, Illinois, $22.00, and that since the accident the respondent has paid claimant wages aggregating $64.00 and the aggregate sum of $165.00 as compensation which said amounts were paid by warrants in the following amounts: $22.00, $33.00, $44.00, $22.00, $22.00, and $22.00.

That at the time of said injury claimant was forty-five years of age; was married and had one child, John O'Herron, then aged fourteen years, who resided with the claimant at Streator, Illinois.

Wherefore claimant says that he has sustained damage by reason of the premises in the sum of $10,000.00, which claimant prays may be allowed to him as compensation for his said damages and injuries.

The record in this case consists of the original complaint, bill of particulars and notice of the accident which was served on the respondent, testimony of Dr. George J. Powers taken on October 26, 1936, for claimant and the testimony of Dr. H. B. Thomas taken on July 13, 1938, for respondent.

As respondent had immediate notice of the accident on the date it occurred and the complaint was filed less than one year subsequent to said injury, the jurisdictional requirements of Section 24 of the Workmen's Compensation Act have been complied with and this court has jurisdiction of the matter.

From the evidence it appears that claimant's injuries arose out of and in the course of his employment and the only question presented for determination is the extent of the injury and the compensation payable, if any.

Dr. George J. Powers, called on behalf of claimant, was asked the following question and gave the following answer:

Q. "Have you an opinion, doctor, as to the particular nature of the injury which is causing his suffering."

A. "I am not clear as to that, that is definitely. I couldn't put my finger on the spot and say, 'that's it.' I just know the condition is there and in my opinion permanently disables him."

On October 29, 1936, the respondent employed Dr. H. B. Thomas of Chicago, Orthopedic Surgeon to treat claimant. Dr. Thomas testified that he took the case history from the claimant and gave him a thorough examination including x-rays, giving particular attention to the region that he complained of, namely the right lower back, concentrating on the sacro-iliac joint on the right side in the lower back. He states he saw claimant about five times, examined him twice, the second time on December 5th, the same year. As the result of such examination he found but one objective symptom, using the straight leg raising test. The movement test was negative; other tests that were made were negative. He was given some physiotherapy diagnostic treatments and tests which showed that he had some trouble in his sacro-iliac joint, right. The doctor further testified that of all the symptoms that were related to him by the claimant and of the objective findings through examinations that the above was the only injury the claimant was then suffering from and that claimant was able to perform manual labor if he was inclined to do so. He gave him heat treatments and some massage, kneading out the stiffness of his muscles, but that he did not

get a fair chance with his treatment; that claimant was not cooperative that he did not stay in Chicago so that he could have been treated and he further stated that had claimant remained and accepted the treatment prepared for him by the respondent that in his opinion the claimant might have gotten well; that he had had many types of injuries such as this, and that they responded from such treatment.

On cross examination Dr. Thomas testified: "My opinion was that he did not have any permanent disability at the time I examined him."

And again on cross examination:

Q. "Did you find any tenderness around the sacro-iliac region?"
A. "Nothing that I interpret as tenderness. I found some jumping. He jumped once before my finger touched him."
Q. "Would you say that was caused by mental fear that you were about to touch him?"
A. "Either that, either a mental fear or malingering. I think that he has some of both. I think he had some slight inflammation in the muscles. I don't think there is any in the sacro-iliac region at all."
Q. "Would you say that this man has been malingering?"
A. "I would say so from the first time I saw him."

There may be some slight permanent loss suffered by this claimant as a direct result of said accident, but this court cannot, with any degree of certainty determine the extent from the record before it. The burden of proof is on the claimant, and this court has repeatedly held that awards cannot be based on conjecture and surmise.

It is the opinion of this court as found by the record that claimant did not cooperate with the respondent as required by paragraph (d) of Section 19 of the Workmen's Compensation Act, by refusing to submit to such medical, surgical, and hospital treatment as was reasonably essential to promote his recovery. And that by such refusal the respondent has been relieved from compensation payments. *Whittika* vs. *Industrial Commission*, 322 Ill. Sup. 368.

And further the record shows that if claimant had submitted to such treatments as offered by the respondent a full recovery might have been had.

Under this record the claimant is not entitled to an award.

Award denied. Complaint dismissed.